## BLYTHE v VAIL

Ohio Common Pleas, Hamilton Co

Decided Feb 1, 1938

Sanford A. Headley, Cincinnati, and James G. Headley, Cincinnati, for plaintiff.

Joseph H. Woeste, Cincinnati, for defendant.

### OPINION

By STRUBLE, J.

Plaintiff's action is for a declaratory judgment as to the rights of himself and other parties to this action in the estate of Anna Blythe. his deceased mother.

Anna Blythe died on the 2nd day of May, 1927, intestate, possessed of certain real and personal property. Her estate is in the hands of the defendant, Emil Vail, administrator de bonis non, in the process of settlement.

The defendant, Shelton Blythe was at one time the husband of the decedent, Anna Blythe she having been given a divorce from him January 11, 1927, on his aggressions, which barred him of any interest in her property.

They had two children, one, Arthur Blythe, the plaintiff, still living, and the other, Leroy Blythe, who disappeared from his home August 1, 1918, and has not been seen or heard from since by anyone in the community, where he was living at the time of his disappearance.

Leroy was unmarried and without issue at the time of his disappearance August 1, 1918.

The common law rule as to the presumption of death is laid down in Rice v Lumley 10 Oh St 596, as follows:

"When a man leaves his home or usual place of residence, and goes to parts unknown and is not heard of or known to be living for a period of seven years, the legal presumption arises that he is dead."

Applying this rule to the facts as to Leroy's disappearance, the legal presumption that he is dead arose August 1, 1925, which is seven years from his disappearance, and about one year and nine months before his mother died.

Under such circumstances Arthur Blythe, the plaintiff, would be the only one of the children living at the time of the mother's death and the sole heir of her estate,having in mind the common law rule that property rights are determinable as of the date at which the legal presumption of death arises.

As to this we feel that the principle is correctly stated in Young v Young, 10 Oh Ap 351, the syllabus of which reads as follows:

"Where a person mysteriously disappears and is not again heard from, a legal presumption of his death does not arise until seven years from the date of his disappearance, and in the absence of any proof showing his death the property of an ancestor dying within the seven year period will be presumed to have descended to such absent heir."

Applying this rule, Leroy having died legally August 1, 1925, without issue at the time of his mother's death. there is left only the plaintiff, Arthur Blythe, as her heir and next of kin. .

But there is another phase of this case and that is that on July 24, 1936, on the authority of the Presumed Decedent's Act (§10509-25, et seq., GC) Shelton Blythe instituted proceedings by petition in the Probate Court of Hamilton County, Ohio, to establish the presumptive death of Leroy Blythe; that a hearing was had in said court September 16, 1936 following which said court put on a decree finding Leroy

Blythe presumptively dead; that on December 31, 1936, said court confirmed absolutely said decree and granted letters of administration of the estate of said Leroy Blythe to his father, Shelton Blythe.

Sec 10509-28, GC, which section is part of the presumed decedent's act, and fixes the duty of the Probate Court in hearings under said act, provides in part as follows:

"If satisfied upon such hearing, or upon the report of such master, that the legal presumption of death is made out, the court shall so decree, and the presumption of death shall be regarded as having arisen as of the date of such decree."

The Probate Court in its decree finding Leroy, presumptively dead fixed the date of his death the same as the original decree, namely, September 16, 1936, in accordance with the direction of §10509-28, GC, that the presumption of death shall be regarded as having arisen as of the date of such decree.

Under the statute of descent and distribution, §10503-4, GC, part 5, Shelton Blythe would be entitled to any interest of Leroy in his mother's estate. Part 5 of said section reads as follows:

"If there be no spouse, and no children or their lineal descendants, to the parents of such intestate equally, or the survivor of such parent."

So if the date of the decree entered by the Probate Court is conclusive as to the date the presumption of death of Leroy arose, then in law he was alive at the time of the death of his mother and entitled to one-half of his mother's estate, and his father, Shelton Blythe, would be entitled to Leroy's one-half of his mother's estate. The question is as to which of these dates, August 1, 1925, or September 16, 1936, did the legal presumption of Leroy's death arise. We have reached the conclusion that that part of §10509-28, GC, supra, which provides that the "presumption of death shall be regarded as having arisen as of the date of such decree," is unconstitutional and ineffective to control the Probate Court as to the date the presumptive death of Leroy arose. §10509-28, GC, seems to indicate that the Probate Court shall merely determine the question as to whether or not a presumption of death is made out from the proof submitted to the court.

The part of the section which follows to the effect that the presumption of death shall be regarded as having arisen as of the date of such decree, of course, is in effect a direction to the court that the date of presumptive death, if fixed in the decree, shall be the same date as the date of the decree.

It seems to this court that it was not the intention of the Legislature that the Probate Court fix the date of presumptive death in its decree, but whatever may have been the intention of the Legislature, the date of the presumptive death must be ultimately fixed in order to determine property rights.

In our judgment the date at which the presumption of death arises under the common law rule cannot be made to depend upon the mere fiat of the Legislature. The determination of such date is a matter for a court to determine in a proper case upon hearing and from the evidence in the case.

That requires the exercise of judicial power, which by the Ohio Constitution, is vested in the courts, not in the General Assembly of Ohio.

The General Assembly of Ohio would have the right no doubt to abrogate the common law rule as to the presumptive death, but it must be noted that there is no language in the Presumed Decedent's Act which indicates that the General Assembly intended to abrogate the common law rule above mentioned.

The well settled rule is that if the General Assembly intends to abrogate common law rules it must do so by express language. There is no repeal of the common law by mere implication. State ex v Fronzier, 77 Oh St 7; Leonardi v Leonardi, 21 Oh Ap 110 (4 Abs 732).

When we examine the language of the Presumed Decedent's Act, it is quite apparent that it is built upon the common law rule of presumption of death. It seems merely to provide the procedure for administration of estates of presumed decedents. Under the former section of the statute it was made the duty of the Probate Court in a proper case, from the evidence introduced, to determine the date of the presumed death, and even when the Probate Court did so determine, its determination was not conclusive against persons who were not parties to such proceedings.

As to this the Court of Appeals of Brown County, in Morrissey, Admr. v Smith, 39

O.L.R. 329, had this to say in paragraph 3 of the syllabus:

"The date fixed by the Probate Court, under §10636-1, GC, as the date when the presumption of death arises, cannot conclude strangers to the judgment which fixes the date, and cannot prevent such other parties from asserting in an independent action that the presumption of death is complete at the end of the seven year period specified by the common law rule."

In the pending case the Probate Court disregarded the uncontroverted evidence as to the date at which Leroy's presumptive death arose, and fixed the date in accordance with the direction of the statute. This we feel was inconclusive as to the date of Leroy's presumptive death for the reasons set forth heretofore; leaving the property rights of the parties determinable as of August 1, 1925, the date of Leroy's presumptive death.