FRANTZ, APPELLANT, *v.* MAHER, EXR., APPELLEE.

(No. 547—Decided November 13, 1957.)

*Messrs. Cole & Cole* and *Mr. Aaron J. Halloran,* for appellant.

*Mr. Harry C. Hull, Mr. Kenneth L. Rush* and *Messrs. Zimmerman & Zimmerman,* for appellee.

HORNBECK, P. J. This is an appeal from a judgment for the defendant upon the pleadings.

Plaintiff pleads that he is the sole heir at law of Anna M. Schaefer, deceased; that the defendant is the duly appointed and acting executor of her last will and testament; that Emma Schaefer died in 1942, leaving plaintiff and decedent, Anna M. Schaefer, as her sole heirs at law and that the estate of Emma

Schaefer was distributed to the plaintiff and decedent, Anna M. Schaefer, in equal proportions. The foregoing averments are admitted in the answer of defendant.

Plaintiff avers that subsequent to the settlement of the estate of Emma Schaefer, he and Anna M. Schaefer entered into a contract, which later appears to have been oral, wherein to accommodate the wishes of Anna M. Schaefer to reside in certain real estate located in Springfield, and which she and plaintiff jointly inherited from Emma Schaefer, and upon the agreement that Anna would not dispose of such real estate during her lifetime, or upon her death, and would do no act which would prevent such real estate from descending to plaintiff upon the death of Anna M. Schaefer, plaintiff agreed to and did deed his one-half interest in said realty to her. It is further averred that as a part of the same agreement, and upon the solicitation of Anna M. Schaefer, she and plaintiff entered into a further agreement with reference to the personal property which plaintiff had inherited from Emma Schaefer, deceased; that plaintiff would at no time revoke his last will and testament in which he should bequeath all such personal property to his own wife (they having no children), absolutely but with the condition to be made part of the will, that if plaintiff and his wife were killed in a common accident, or if such wife should die within 30 days after plaintiff's death, both leaving Anna M. Schaefer surviving them, said will should contain a clause bequeathing any remaining portion of the Emma Schaefer estate, which plaintiff had inherited, to decedent, Anna M. Schaefer, absolutely and in fee simple; that in consideration of the performance by plaintiff of his part of the agreement, Anna M. Schaefer agreed that she would make no disposition whatsoever during her lifetime of any of the personal property which plaintiff had inherited from decedent, Emma Schaefer, nor would she attempt to dispose of any part of same upon her death by a last will and testament; but, on the contrary, she would permit all such personal property to descend to plaintiff under the Ohio law of intestacy; "and that she would do no act or thing which would prevent any balance remaining of any personal property after the death of decedent, Anna M. Schaefer, from descending back to plaintiff, as her sole heir at law."

Plaintiff avers that he duly performed all the terms and conditions of the agreement on his part to be performed; that he executed his will in conformity with the agreement and delivered it to Anna M. Schaefer and her counsel where it remained unrevoked and unchanged at the time of her death; that he executed and delivered a quitclaim deed for his undivided one-half interest in the real estate in Springfield, Ohio, which deed was delivered to and accepted by Anna M. Schaefer. It is averred further that Anna M. Schaefer in violation of the terms of her agreement and fraudently and in bad faith executed her last will and testament wherein, after a minor bequest to plaintiff, the residue was left to others.

The answer, after the admission of the allegations of the petition hereinbefore stated, generally denied each and every other allegation and as a second defense pleaded "that if there was any agreement by decedent not to make a will or to die intestate that the same is null and void for the reason that the same was not in writing." Plaintiff moved to strike this quoted part of the second defense. The motion was overruled and thereafter plaintiff filed a reply to the second defense of the answer denying that the agreement pleaded in the petition was null and void for the reason that it was not in writing, and averring that by reason of the fraudulent conduct of Anna M. Schaefer toward plaintiff, she, if alive, would have been completely estopped from making such defense as to her claim and that such estoppel is binding upon the defendant as well as upon the beneficiaries named in the will of Anna M. Schaefer.

It was upon this state of the pleadings, after a demurrer had been filed to the reply and sustained, that the judgment was entered for defendant on the pleadings.

At the outset, our attention is drawn to the brief of defendant-appellee wherein it is urged that as the demurrer searches the record, it is evident from a reading of the petition and reply that the oral contract averred is so vague, uncertain and indifferent as to be incapable of enforcement. As this specific question was not presented, argued or determined in the trial court, we would hesitate to adopt the theory of the defendant unless no other conclusion could be reached. We, therefore, indulge every presumption which the pleadings permit in favor of the pleader, the plaintiff.

We are concerned about some of the allegations of the petition which are repeated in the reply and, indeed, have difficulty in reconciling them.

The prayer of the petition is for a money judgment for the full amount of the personal estate of Emma Schaefer, deceased, less court costs and debts. The petition and the reply in one aspect leave the impression that all the personal property of which Emma Schaefer died seized was the subject matter of the contract pleaded, upon the theory that Anna M. Schaefer had come into ownership thereof by reason of the death of Emma Schaefer and the relinquishment by plaintiff of his interest therein. But, an examination of one of plaintiff's briefs in the Common Pleas Court discloses that at the time of the death of Emma Schaefer, Anna M. Schaefer inherited but one-quarter of the whole estate and the plaintiff, a like amount.

The averments most difficult to reconcile are found in the following language of the petition, the first full paragraph, wherein plaintiff alleges that Anna M. Schaefer had "entered into a further agreement with reference to the *personal property which this plaintiff had inherited from his ancestor, Emma Schaefer*; to wit, that he, this plaintiff, should make, execute, publish and at no time revoke his own last will and testament, in which he should bequeath *all such personal property to his own wife,* * * * absolutely, but with this condition to be made part of his will, that if this plaintiff and his wife Isabelle, were killed in a common accident, or if such wife should die within thirty days after the plaintiff's death, both leaving decedent, Anna M. Schaefer, surviving them, said will should contain a clause bequeathing *any remaining portion* of the Emma Schaefer Estate, *which the plaintiff had inherited,* to the decedent, Anna M. Schaefer, absolutely and in fee simple."

From this clause, it appears that the plaintiff owned and possessed and was making disposition of that part of the Emma Schaefer personal estate which he had inherited from her.

In the second full paragraph of the petition, plaintiff says:

"In consideration of performance by this plaintiff by executing and publishing such a last will and testament the decedent, Anna M. Schaefer, agreed that she would make no disposition of any *of the personal property which this plaintiff had*

*inherited from the decedent, Emma Schaefer,* * * *; but, on the contrary, she would permit *all such personal property* to descend to this plaintiff under the Ohio law of intestacy." (All emphasis ours.)

Apparently, plaintiff in the language in the two paragraphs quoted is referring to the same personal property. In one instance plaintiff exercises ownership of it; in the other, Anna Schaefer was to exercise the right of ownership. It would be impossible for Anna Schaefer to exercise any control whatever of that part of the personal property which plaintiff had inherited from Emma Schaefer, if he had the right to exercise the control of which he speaks in the first paragraph.

If, instead of the word, "plaintiff," the word, "she," was inserted in the second paragraph heretofore quoted, it would read thus:

"The decedent, Anna M. Schaefer, agreed that she would make no disposition of any of the personal property which *she* had inherited from the decedent, Emma Schaefer."

This may or may not be the intention of the pleader. If it is, it would be consistent but this is neither the time nor the place to attempt an amendment.

Notwithstanding the seeming inconsistency and irreconcilability of some of the pleadings, we are of opinion that over all, the pleader intends to aver that in consideration of the promises made and performance thereof by him, Anna M. Schaefer agreed that she would permit him to inherit all the personal property as well as the real estate of which she died seized.

The issues presented to the trial court and this court are: Is plaintiff barred from maintaining his action on the oral contract pleaded by reason of the application of any of the following provisions of the Code.

(1) Section 2107.04, Revised Code, a special statute of frauds, which provides that:

"No agreement to make a will or to make a devise or bequest by will shall be enforceable unless it is in writing."

(2) General statute of frauds, Section 1335.04, Revised Code:

"No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tene-

ments, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law.''

(3) Section 1335.05, Revised Code:

''No action shall be brought whereby to charge * * * a person upon * * * a contract or sale of lands * * *, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith * * *.''

The trial court held that Section 2107.04, Revised Code, barred any recovery by plaintiff and therefore gave no consideration to Sections 1335.04 and 1335.05, Revised Code.

If the contract under consideration is an agreement on the part of Anna M. Schaefer, deceased, to make a will, within the contemplation of Section 2107.04, Revised Code, then, upon the latest pronouncement of the Supreme Court in *Sherman, a Minor,* v. *Johnson,* 159 Ohio St., 209, 210, 112 N. E. (2d), 326, and particularly, the fourth paragraph of the syllabus thereof, he may not maintain his action. The fourth paragraph of the syllabus reads:

''By virtue of Section 10504-3a, General Code [now Section 2107.04, Revised Code], an agreement to make a will or to make a devise or bequest by will is not enforcible under any circumstances unless it is in writing.''

This interpretation of the section of the Code is so broad and comprehensive as to preclude an avoidance of the terms of the statute by full performance on the part of the plaintiff of the oral contract. The plaintiff pleads not only full performance on his part and estoppel but also acts claimed to be fraudulent on the part of Anna M. Schaefer to induce the contract. Upon the applicable authorities, the averments of fraud are insufficient because nothing more is averred than a failure to perform on the part of Anna M. Schaefer.

Mere breach of an oral contract which is within the statute of frauds, by one of the parties thereto is not of itself a fraud either in law or equity which will enable the other party to as-

sert rights based on the contract. *Newman* v. *Newman*, 103 Ohio St., 230, 133 N. E., 70; *Ossage* v. *Foley*, 20 Ohio App., 16.

The first paragraph of the syllabus of *Sherman* v. *Johnson*, *supra*, reads:

"An agreement to convey by deed *or* will, effective after death, is an agreement to make a will or to make a devise by will, within the meaning of Section 10504-3*a*, General Code [now Section 2107.04, Revised Code]."

Of course, this paragraph of the syllabus does not in terms include the contract here pleaded. It is argued by defendant that the effect of the agreement of Anna M. Schaefer was tantamount to a contract to make a will. But, on the facts pleaded, the obligation enjoined upon Anna M. Schaefer by the contract was not, to make a will but the very antithesis, namely, not to make a will. Is the statute, then, broad enough to include an agreement not to make a will?

Appellant urges that Section 2107.04, Revised Code, should be strictly construed because in derogation of the common law. It is doubtful whether in Ohio the common law has any special part in the construction of the law of descent and distribution or the manner in which title to property may be transferred by will. Although before the enactment of the statute of frauds in England, most any writing of a person might be allowed as a will and this statute of frauds, 29 Charles II, ch. 3, A. D. 1677, "prescribed certain formalities with respect to the signing and attestation of witnesses to devises of lands, but testaments of personal property were not included in its scope." 1 Alexander, Commentaries On Wills, 19, 20, Sections 17 and 18.

However, the right of contract is a recognized principle of common law and so far as Section 2107.04, Revised Code, limits the right to contract orally to permit the disposal of personal property, at death, it would be in derogation of the common law. The rule will apply that statutes are to be read and construed with reference to the principles of the common law and are not to be presumed to have intended a repeal of the settled rule of the common law unless the language employed clearly expresses or imports such intention. *State, ex rel. Morris,* v. *Sullivan*, 81 Ohio St., 79, 90 N. E., 146, 26 L. R. A. (N. S.), 514. An intention of the General Assembly to abrogate common-law rules

must be manifested by express language. There is no repeal of the common law by mere implication. *State* v. *Phillips*, 85 Ohio St., 317, 97 N. E., 976; *Felix* v. *Griffiths*, 56 Ohio St., 39, 45 N. E., 1092; *Krause* v. *Morgan*, 53 Ohio St., 26, 40 N. E., 886; *Seasongood* v. *Seasongood*, 23 C. C. (N. S.), 369, 27 C. D., 200; *State, ex rel. Wilson*, v. *Board of Education of Shelby County School Dist.*, 102 Ohio App., 541, 144 N. E. (2d), 323; *Blythe* v. *Vail*, 26 Ohio Law Abs., 516.

It must be assumed that the Legislature in enacting the statute was fully cognizant of its purpose and scope and qualified to incorporate by appropriate language all subject matter intended to be included in its terms. It is only by reading into the express language of the statute the further provision—or not to make a will—that it includes, within its scope, the contract here under consideration.

It is argued that the spirit of the section requires the inclusion of the contract here pleaded. If the statute is to be given such application, it must be by implication. True, a will disposes of one's estate to take effect after his death, as does the law of descent and distribution, but that which Anna M. Schaefer agreed to do could not have been included within any form of a will defined by our Code.

As we read the cases cited by the parties, there is no one in any jurisdiction directly in point. Several, on principle, support the contention of appellant. They are: *Smith* v. *Nyburg*, 136 Kan., 572, 16 P. (2d), 493; *Stahl* v. *Stevenson*, 102 Kan., 447, 844, 171 P., 1164. Both these cases were decided with reference to statutes much like our general statute of frauds. The former relied, in the main, upon the doctrine of full performance of the oral contract. In discussing the holding, the judge writing the opinion added, rather testily, the rule of law announced in cited cases "may irk the legalistic sensibilities of some eminent critics of our local jurisprudence, it cannot be denied that justice has been accomplished by it, and that end is or should be the acme of all juridical disquisition." In the second case, the oral contract was held enforcible notwithstanding the general statute of frauds, although it related to real estate but devolution of the estate was to be accomplished by the promisor refraining from making a will. The nearest "bluebottle" case

is *Cleaves* v. *Kenney,* 63 F. (2d), 682. The promisor agreed orally to destroy her will and thereby leave plaintiff, her only heir, all her estate. The court held that an agreement to destroy a will and die intestate was not within the statute of frauds or wills. The statute of wills to which reference is made is not of the same import as Section 2107.04, Revised Code. In the majority opinion, it is said:

"An agreement to make a will has been held to be within the section of the statute above referred to * * *; but the agreement of Mrs. Perry, if one was made, was to destroy a will, which is not covered by either section of the statute of frauds above referred to. An agreement to die intestate is not within the statute. *Stahl* v. *Stevenson,* 102 Kan., 447, 450, 171 P., 1164."

Earlier in the opinion, it is said:

"The contention is that the agreement on the part of Mrs. Perry to destroy her will and codicil and die intestate not being in writing and signed by her, since a part of her estate consisted of real estate, comes within clause 4 of section 1, chapter 259, G. L. Mass. But, as the District Court pointed out, if the agreement had been carried out, Mrs. Kenney would have taken title to the real estate, not by conveyance or sale, but by descent."

In *West* v. *Day Trust Co., Admr. and Trustee,* 328 Mass., 381, 103 N. E. (2d), 813, 29 A. L. R. (2d), 1224, cited by defendant, the contract alleged was: "and promised the plaintiffs that, if they would forbear from said contest [of a will] and consent to the allowance of the will, she [the promisor] would make a will providing substantial bequests to them and to other members of their families and would not revoke such will." It is obvious that the major promise in that contract was that the promisor make a will. The holding that the statute of frauds operates on an oral promise not to revoke a will as well as an oral promise to make a will, must be read in the light of the facts and as incidental to the principal promise and as a part thereof. The distinction between the contract pleaded in the instant case and the one in the cited case is clear. Other cases cited in the annotation (29 A. L. R. [2d], 1229) parallel the *West case, supra,* in their facts.

It is our conclusion that Section 2107.04, Revised Code, has no application to the oral agreement here pleaded.

The next question is whether the general statute of frauds, Section 1335.04 or 1335.05, Revised Code, bars the plaintiff from enforcing the contract which he asserts.

It should be noted that plaintiff does not seek specific performance of the contract pleaded, nor does he ask that he be decreed any interest in the real estate of Anna M. Schaefer, deceased, by reason of the contract. If any claim is made as to the real estate, it is barred by the general statute of frauds, Section 1335.05, Revised Code.

Plaintiff prays for a money judgment in the amount of the value of the personal property of Anna M. Schaefer, less court costs and debts, which he would have received had she performed her obligation as pleaded under the contract. So that, neither Section 1335.04, Revised Code, which provides that no interest in real estate shall be granted except by deed or note in writing signed by the party assigning or granting it, nor Section 1335.05, Revised Code, so far as it precludes enforcement of a contract for sale of lands or interest in or concerning them, has application. Nor may it be said that the agreement pleaded may not have been performed within one year from the making thereof. 25 Ohio Jurisprudence (2d), 179; 49 American Jurisprudence, 391, Statute of Frauds, Section 30; 37 Corpus Juris Secundum, 562, 563; *Stahl* v. *Stevenson* (102 Kan., 447), *supra*.

Upon the most favorable intendment to the pleader, it appears that the contract set out in the petition, though it involved both real and personal property, was divisible and, therefore, the real estate to which the foregoing statutes have application may be separated from the personal property. The plaintiff pleads that as a part of the same agreement (as to the real estate), she entered a "further agreement" as to the personal property.

The distinction is made in the first paragraph of the syllabus of *Shahan, Exr.,* v. *Swan,* 48 Ohio St., 25, 26 N. E., 222, 29 Am. St. Rep., 517, where the court refused to enforce a parol contract, the consideration being indivisible, referring to the entire estate, consisting of real as well as personal property.

37 Corpus Juris Secundum, 729:

"If a parol contract is entire and indivisible and a part of it is within the statute of frauds, the whole contract is unenforcible; but if the contract is divisible, that part of it which is not within the statute may be enforced."

See *Traiman* v. *Rappaport* (C. C. A. Pa.), 41 F. (2d), 366, 71 A. L. R., 475; *Upson* v. *Fitzgerald*, 129 Tex., 211, 103 S. W. (2d), 147; *Ward* v. *Ward*, 94 Colo., 275, 30 P. (2d), 853; *Eaton* v. *Simcovitz*, 239 Mass., 569, 132 N. E., 355.

In *Moreen* v. *Estate of Carlson*, 365 Ill., 482, 6 N. E. (2d), 871, an oral contract, to compensate for services by will when the promise could have application only to personal property, was held not to be within the statute of frauds. In *Sherman* v. *Johnson* (159 Ohio St., 209), *supra*, the court held that Section 8621, General Code, now Section 1335.05, Revised Code, had application to bar the actions. Both cases were suits for specific performance of oral contracts which related exclusively to real property.

The oral contract in this case which may be found divisible, as it relates to the personal property, is not invalid by reason of either Section 1335.04 or 1335.05, Revised Code.

The demurrer to the reply and the motion of defendant for judgment on the pleadings should have been overruled.

The judgment will be reversed and the cause remanded to the trial court with instructions to overrule the demurrer to the reply and the motion for judgment on the pleadings and for further proceedings according to law.

*Judgment reversed.*

WISEMAN and CRAWFORD, JJ., concur.