Robert L. WELLS, Jr., et al., Plaintiffs,

v.

**THOMSON NEWSPAPER HOLDINGS, INC., et al., Defendants.**

No. C2–97–675.

United States District Court,
S.D. Ohio,
Eastern Division.

Nov. 6, 1998.

John Keith Fitch, Columbus, OH, for Plaintiffs.

Anthony J. Damelio, Ziegler Metzger & Miller, Cleveland, OH, for Defendants.

## OPINION & ORDER

MARBLEY, District Judge.

This cause comes before this Court on Defendants Goss Graphic Systems, Inc., and Rockwell International Corporation's Motion for Summary Judgment based on Ohio Revised Code § 2305.10, a statute of repose. Because this Court finds that § 2305.10 violates the Ohio Constitution, Defendants' Motion is **DENIED**.

## BACKGROUND

In 1971, Goss Graphic Systems, Inc., manufactured an "Urbanite" printing press, and delivered it to the first purchaser, Tribune Publishing Company, that same year. Thomson Newspaper Holdings, Inc., purchased the press and eventually placed it at the Herald Star in Steubenville in 1988. On May 18, 1996, Plaintiff Robert Wells, Jr., a pressman for the Harold Star Newspaper, suffered a "crushing and de-gloving" injury to his left hand while working on the printing press. Wells' injury allegedly occurred when he stepped onto the upper level of the press to inspect its rollers. The press was operating at a continuous slow speed when Wells' foot slipped on the platform and his hand was caught in the unguarded rollers.

Plaintiff brought this action against his employer, Thomson Newspaper Holdings, and the companies that manufactured the press, Goss Graphic Systems, and Rockwell International Corporation (collectively "Defendants"), on May 14, 1997, in the Common Pleas Court of Jefferson County. Defendants removed the case to federal court in June of 1997. Thomson Newspaper Holdings was voluntarily dismissed from the action on October 8, 1997.

## ANALYSIS

In the year between Wells' injury and his filing a complaint, the Ohio legislature passed a new statute of repose for the purpose of implementing tort reform. Amended Ohio Revised Code § 2305.10 took effect on January 27, 1997, and mandates:

> no cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later

than fifteen years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

Ohio Rev.Code § 2305.10(C)(1). The statute also states "[t]his section shall be considered to be purely remedial in operation and shall be applied in a remedial manner in any civil action commenced on or after the effective date of this section ... regardless of when the cause of action accrued ..." Ohio Rev. Code § 2350.10(F).

Based on this new statute, Defendants Goss and Rockwell argue they are entitled to judgment as a matter of law because Wells' injury occurred almost twenty-five years after the original manufacture and delivery of the printing press, and thus did not accrue within the fifteen year statute of repose. Wells responds, *inter alia*, that the provisions of Ohio Rev.Code § 2305.10 do not apply to his common-law claims of negligence and breach of implied warranties and that the statute of repose violates the prohibition against retroactive laws of the Ohio Constitution, Article II, Section 28.

As a federal district court sitting in diversity over a case which arises from an employment relationship and injury located in Ohio, this Court shall apply the law of the state of Ohio. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Solly v. Manville Corp. Asbestos Disease Fund*, 966 F.2d 1454 (6th Cir.), *cert. denied*, 506 U.S. 954, 113 S.Ct. 411, 121 L.Ed.2d 335 (1992). If the Supreme Court of Ohio has not spoken, this Court "must ascertain from all available data what the state law is and apply it." *Greyhound Food Management v. City of Dayton*, 852 F.2d 866, 868 (6th Cir.1988) (quoting *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985)). "Available data" includes applicable dicta from the Supreme Court of Ohio, findings of Ohio appellate courts, restatements of law, law review commentaries, and the majority rule among other states. *Id.*

## A. Common Law Claims

■ This Court will first address the issue of whether the statute of repose affects claims based on the common law, in order to avoid, if possible, ruling unnecessarily on the constitutionality of the Ohio statute. *See, e.g., Spector Motor Service v. McLaughlin*, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101, (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable."); *State ex rel. BSW Development Group v. City of Dayton*, 83 Ohio St.3d 338, 345, 699 N.E.2d 1271, 1277 (1998) ("courts decide constitutional questions only when absolutely necessary"). Wells claims that, because his claims of negligent design and breach of implied warranties of merchantability and fitness for a particular purpose arise at common law, they survive enactment of the statute. This Court agrees that the statute of repose does not proscribe common law claims; however, Well's breach of warranty claims do *not* arise at common law.

The Ohio Supreme Court has held that Ohio's product liability statutes do not eliminate claims based upon negligence. In *Carrel v. Allied Products Corporation*, 78 Ohio St.3d 284, 677 N.E.2d 795 (1997), Ohio's highest court found that the common-law action of negligent design survived the enactment of the Ohio Products Liability Act, Ohio Rev. Code § 2307.71, *et seq.* In so holding, the Court noted "[t]he rule of strict statutory construction refuses to extend the law by implication or inference and recognizes nothing that is not expressed ... it would be a departure from well-recognized principles of statutory construction to read into a statute words not found in its text." *Id.* at 288, 677 N.E.2d at 799. Therefore, the Court held, "in the absence of language clearly showing the intention to supersede the common law, the existing common law is not affected by the statute, but continues in full force." *Id.* at 287, 677 N.E.2d at 798. Further, the *Carrel* court declared "the General Assembly will not be presumed to have intended to abrogate a common-law rule unless the language used in the statute clearly shows that

intent." *Id.* With regard to the present case, the General Assembly nowhere indicated in § 2305.10 its intent to abrogate common-law causes of action.

The definition of "products liability claim" in § 2307.71(M), which the *Carrel* court evaluated, is virtually identical to the one before this Court in § 2305.10(E)(4).[1] Because this Court is obligated to follow the reasoning and decisions of the Ohio Supreme Court in this case, the *Carrel* decision, based on essentially the same statutory language, compels the conclusion reached by this Court.

Defendants argue that allowing such common-law claims would create a "technical loophole," frustrating the objective of the General Assembly, which stated that the purpose of this statute of repose is to "strike a rational balance between the rights of prospective claimants and the rights of product manufacturers and suppliers" and to "preclude the problems of stale litigation." Ohio Rev.Code § 2305.10, hist. note (L)(10). The General Assembly, however, was undoubtedly aware of Ohio's long-standing rules of statutory construction when it enacted § 2305.10. *See, e.g., Frantz v. Maher,* 106 Ohio App. 465, 472, 155 N.E.2d 471, 476 (1957) ("There is no repeal of the common law by mere implication"); *State ex rel. Morris v. Sullivan,* 81 Ohio St. 79, 96, 90 N.E. 146, 149–50 (1909) ("the Legislature will not be presumed or held to have intended the repeal or modification of a well-settled rule of the common law then in force, unless the language employed by it clearly imports such intention"). If the Assembly had desired to abrogate common-law claims, they could have done so easily, with one simple sentence. That they chose not to indicates that they did not so intend. Given the mandate of the highest court of Ohio, this Court cannot find that Wells is precluded by § 2305.10 from bringing a common-law action for his injury. Therefore, Wells' common law claim of negligence survives summary judgment.

■ Wells claims for breach of implied warranties of merchantability and fitness for a particular purpose, however, are not common law claims. The warranty claims are codified at Ohio Rev.Code §§ 1302.27 and 1302.28, respectively. Such codification precludes their characterization as "common-law" claims. *See, e.g., Nadel v. Burger King,* 119 Ohio App.3d 578, 695 N.E.2d 1185 (1997) (holding claims under theories of breach of implied warranties of merchantability and fitness for a particular purpose were preempted by the Ohio Products Liability Law). Because § 2305.10 does bar Wells' warranty claims, this issue cannot be avoided on nonconstitutional grounds, and this Court must consider the constitutionality of the statute of repose.

### B. Ohio's Constitutional Prohibition Against Retroactive Laws

Wells claims that because § 2305.10 eradicated a cause of action that had accrued eight months prior to the statute's enactment, it violates Ohio's constitutional guarantee against retroactive laws. Defendants respond that the statute of repose does not impair vested rights, and thus is constitutionally sound. This Court agrees with Wells' analysis.

■ As a threshold matter, the statute of repose enjoys a presumption of constitutionality. Ohio law requires a court to apply all presumptions and rules of statutory construction in favor of constitutionality when testing a statute. *See State v. Dorso,* 4 Ohio St.3d 60, 61, 446 N.E.2d 449, 450 (1983); *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy,* 740 F.2d 1362, 1366 (6th Cir.1984). Before declaring a statute unconstitutional, the court must find "beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State v. Smith,* 80 Ohio St.3d

---

**1.** Both statutes define "products liability" as a claim seeking to recover compensatory damages from a manufacturer or supplier for harm that allegedly arose from the design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of a product, from a warning, instruction, or lack of warning or instruction associated with a product, or from a failure of a product to conform to a relevant representation or warranty. Both statutes define "harm" as death, physical injury or damage to property. The only difference between the provisions is that § 2307.71(M) specifically includes emotional distress as an element of harm, while § 2305.10(E) does not. This distinction is irrelevant to the present issue.

89, 99, 684 N.E.2d 668, 681 (1997). Notwithstanding these permissive standards, § 2305.10 violates the Ohio Constitution.

Article II, Section 28 of the Ohio Constitution provides:

> The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omission, defects and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.

■ The Ohio Supreme Court has found this guarantee prohibits laws which retroactively make it more burdensome for plaintiffs to bring a claim. In the seminal decision of *Van Fossen v. Babcock & Wilcox Company*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988), the Ohio Supreme Court held that Ohio's ban on retroactive laws invalidated a statute that imposed a more difficult *prima facie* standard upon causes of action which had already accrued. In that case, Robert Van Fossen brought an intentional tort claim against his employer after he was injured on the job. During the pendency of the *Van Fossen* litigation, the Ohio General Assembly passed an amendment to a workers' compensation statute which would have eliminated Van Fossen's cause of action by imposing a more rigorous standard for the "intent" requirement of an intentional tort. The issue was certified to the Ohio Supreme Court, which found that the statute fell "within the ban against retroactive laws established by Section 28, Article II of the Ohio Constitution." *Id.* at 109, 522 N.E.2d at 498.

■ In reaching this conclusion, the Court elaborated a two-prong test to determine if a statute violates Article II, Section 28. First, a court must determine if the statute applies retroactively. "Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new dis-

ability in respect to transactions or considerations already past, must be deemed retrospective or retroactive." *Id.* at 106, 522 N.E.2d at 496, quoting *Cincinnati v. Seasongood*, 46 Ohio St. 296, 303, 21 N.E. 630, 633 (1889). In light of this standard, it is evident that § 2305.10 applies retroactively. The statute of repose explicitly states that it "shall be applied in a remedial manner in any civil action commenced on or after the effective date of this section ... regardless of when the cause of action accrued." § 2305.10(F).[2] Such language clearly anticipates application to causes of action which accrued before the enactment of the statute of repose, or to "considerations already past." Like the discredited statute in *Van Fossen*, § 2305.10 "includes causes of action which arose prior to the statute's effective date." 36 Ohio St.3d at 106, 522 N.E.2d at 496.

Under the second prong of the *Van Fossen* test, a court must determine whether such retroactivity violates the Ohio Constitution. *Id.* Purely "remedial" laws, or those which affect only the remedy provided, are constitutional. *Id.* at 107, 522 N.E.2d at 496. Laws which affect "substantive" rights, however, violate the state Constitution. *Id.* A statute is substantive when it:

> *impairs or takes away vested rights; affects an accrued substantive right;* imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction; creates a new right out of an act which gave no right and imposed no obligation when it occurred; creates a new right, [or] *gives rise to or takes away the right to sue or defend actions at law.*

*Id.* at 107, 522 N.E.2d at 496 (citations omitted) (emphasis added). The line between substantive and remedial provisions provides "readily distinguishable contours." *Id.* at 108, 522 N.E.2d at 497.

The Sixth Circuit has held that the ability to sue is a substantive, not remedial, right. In *Greyhound Food Management v. City of Dayton*, 852 F.2d 866 (6th Cir.1988), the Sixth Circuit held that Ohio Rev.Code

---

**2.** A cause of action accrues "when the injury or loss to person or property occurs." Ohio Rev. Code § 2305.10(A). Thus, Wells' cause of action

accrued on May 18, 1996, the day the printing press crushed his hand.

§ 2744.05(B), which retroactively prohibited insurers from bringing subrogation actions against municipalities, violated the Ohio constitutional provision barring retroactive laws. *Id.* at 870. The plaintiffs in *Greyhound* were insurance companies that became subrogees of the City of Dayton in 1983, when they paid claims for water damage caused by the city's broken water main. In 1986, while the case was pending, the Ohio legislature passed an emergency measure "which applied [Ohio Revised Code] § 2744.05(B) to judgments obtained on or after November 20, 1985, unless trial had already commenced by that date." *Id.* at 868. Section 2744.05(B) provided, in relevant part:

> Notwithstanding any other provision of the Revised Code or rules of court to the contrary, an action against a political subdivision to recover damages for injury, death, or loss to persons or property caused by an act or omission in connection with a government or proprietary function:
>
>      \*        \*        \*
>
> (B) ... No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision ...

Reiterating the reasoning in *Van Fossen*, the *Greyhound* Court first determined that the emergency measure applied § 2744.05(B) retroactively, because a "trial in the case had to have started prior to November 20, 1985, in order for the retroactivity provision not to apply." *Id.* at 869.

The *Greyhound* Court then found the statute was substantive, not remedial, because it took away the right to sue. "[A]s the Ohio Supreme Court has stated, substantive laws are not only those that bar 'vested rights,' but also those that either take away or give the right to sue at law." *Id.* at 870. The Court concluded "[a] statute which prevents a party from suing is one that destroys a substantive right, as that term is used in Ohio jurisprudence." *Id.* The *Greyhound* Court accordingly struck down the statute as violative of Article II, Section 28 of the Ohio

Constitution because it was a retroactive law which affected substantive rights.

Similarly, section 2305.10 affects substantive rights, notwithstanding the legislature's invocation of the word "remedial." Application of the statute of repose would effectively revoke Wells' right to sue, a right which accrued eight months prior to enactment of the statute. Annulling the vested right to sue does not "merely substitute a new or more appropriate remedy for the enforcement of an existing right." *Van Fossen*, 36 Ohio St.3d at 107, 522 N.E.2d at 497. Rather, it destroys the remedy itself. Like *Greyhound*, this case involves a situation where "[i]t could not be plainer that before the passage of this statute [the plaintiff] could sue [the defendant] at law, and afterwards [he] could not." 852 F.2d at 870. Such an action is far more extreme than the addition of a more difficult tort standard in the statute which the Ohio Supreme Court struck down in *Van Fossen*. There, the court found that § 4121.80(G):

> would remove appellees' potentially viable, court-enunciated cause of action by imposing a new, more difficult statutory restriction upon appellees' ability to bring the instant action ... this result constitutes a limitation, or denial of, a substantive right, and consequently causes the statute to fall within the ban against retroactive laws established by Section 28, Article II of the Ohio Constitution.

36 Ohio St.3d at 109, 522 N.E.2d at 498. If a statute which retroactively adds a higher tort standard violates the Ohio Constitution, then *a fortiori* a statute which altogether revokes the right to sue is unconstitutional.

Given the reasoning of the Ohio Supreme Court in *Van Fossen* and the Sixth Circuit in *Greyhound*, it is clear that § 2305.10 is not only retroactive, but affects substantive rights. The statute of repose thus violates the prohibition against retroactive laws guaranteed in Article II, Section 28 of the Ohio Constitution. This Court, therefore, finds § 2305.10 unconstitutional as to plaintiffs whose cause of action accrued before the statute's enactment.[3] Accordingly, Defen-

---

**3.** Section 2305.10 may also violate several other provisions of the Ohio Constitution, particularly

the right to a remedy articulated in Article I, Section 16, and the guarantees of equal protec-

dants' motion for summary judgment based on this statute is **DENIED.**

**IT IS SO ORDERED.**

tion and due process embodied in Article I, Section 2. *See e.g., Brennaman v. R.M.I. Co.,* 70 Ohio St.3d 460, 639 N.E.2d 425 (1994) (finding Ohio Rev.Code § 2305.131, a statute of repose, violative of Ohio's constitutional right to a remedy); *Gaines v. Preterm–Cleveland, Inc.,* 33 Ohio St.3d 54, 514 N.E.2d 709 (1987) (striking down four-year statute of repose for violating equal protection, due process and right-to-a-remedy guarantees under Ohio Constitution). There is no need for this Court to reach these issues, however, as the statute's unconstitutional retroactivity, alone, is dispositive of the present motion.