**NATIONAL BENEFIT LIFE INS CO v DAVIS, Admr.**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9999. Decided May 13, 1929

John E. Roundtree, Esq., Cleveland, for Insurance Co.

Harry E. Davis, Esq., Cleveland, for Davis.

**VICKERY, PJ.**

Now the right of the plaintiff to maintain this action is based first upon the decision of our Supreme Court in the case of **Filmore vs. The Metropolitan Life Insurance Company, 82 O. S. 208.**

The question then arises whether this policy becomes uncollectible because the sole beneficiary being in a position where she cannot collect, is to indirectly have the benefit of any part of this policy and the insurance. It might be that the policy had been carried for a great many years, and there have been a large amount of premiums paid on the policy and manifestly it would be wrong to permit the insurance company to avoid payment and keep the premiums as they had been paid, for we assume that there was no provision in this policy which makes it **void** upon the felonious killing by the beneficiary of the insured. It then must be a contract in force and it must be for the benefit of somebody. Manifestly it cannot be for the benefit of the insurance company. Its benefits came from its premiums and its liability to pay accrued upon the death of the insured, unless there be some reason why the policy became void.

Fortunately we are not left to conjecture upon this subject for the question has been decided many times.

We quote the following from 25 Cyclopedia of Law and Procedure, **P. 295.**

(Here follows quotation)

**478**

This seems to be an authority exactly in point with the facts in the instant case, and in 37 Corpus Juris, P. 576, we find this.

(Here follows quotation)

In Cooley on "Insurance", 2nd Edition, Volume 6, page 5229, the author says.

(Here follows quotation)

In Joyce on "Insurance", Volume 2, page 1827, the author states.

(Here follows quotation)

From these authorities ,and probably many more are to be found, we must come to the conclusion that, although the named beneficiary cannot recover because of the felonious and wilful killing of the insured, yet the insurance is still recoverable, and it is then for the benefit of the estate, and in this case H. E. Davis was appointed administrator, and as such administrator brings this suit.

It is not right that the insurance company after receiving the premiums should be able to avoid responsibility upon the policy. It has got what it contracted for and it is only fair and right that the estate should get the results of the insurance policy; and that the person who caused the death of the husband incidentally gets something is no legal reason why the estate should not recover.

We have gone over this whole record and heard the arguments of counsel and satisfied ourselves that there is no error in this record that would warrant us in disturbing the finding of the court.

The judgment of the court will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.