**McCLAIN, Admr., Plaintiff-Appellee, v ALL STATES LIFE INS. CO., Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6906.   Decided February 9, 1948.

Berry, McClain & White, Cincinnati, for plaintiff-appellee.
Marble & Vordenberg, Cincinnati, for defendant-appellant.

## OPINION

By MATTHEWS, PJ.:

This is an action by the insured's administrator to recover death benefits under a life insurance policy, upon the life of Lucille Spencer. After a trial to the Court, without a jury, the Court found in favor of the plaintiff and rendered judgment in his favor. This is an appeal from that judgment.

While the record shows that there was no doubt about the issuance of the policy and its terms, the policy was not surrendered at the time of filing proof of death, and it was not produced at the trial. The evidence shows that the failure to surrender or produce the policy resulted from the fact that it could not be found after the insured's death.

1. The policy contains an express provision to pay upon proof of death and "upon surrender of this policy and evidence of premium payments thereunder", and it is urged that the surrender of the policy is a sine qua non to recovery.

We have been cited to no case so holding, and we have found none. However, we think the cases construing provisions requiring production of policy upon change of beneficiary bear some analogy. It seems to be uniformly held that if the insured has complied in all other respects, the change of beneficiary will be effected where the policy was not produced, because beyond the power of the insured to do so. 29 Am. Jur., 987. We follow that analogy and hold that surrender of the policy is not indispensable to recovery.

It should be said also that this policy does not in express terms make the surrender of the policy a condition precedent to recovery, and it seems to us that if an insurance company intended to make recovery dependent upon so insubstantial a condition, it should have so stated in positive language.

Inability to produce a negotiable instrument, transferable by delivery, is not fatal, and an outstanding non-negotiable insurance policy contains no such threat to the obligor. Even when a negotiable instrument, transferable by delivery, is lost, before maturity and danger exists that it might be enforceable in the hands of an innocent transferee before maturity, the only effect is to require indemnity against the risk as a condition of enforcement by the plaintiff who had lost it, and was, therefore, unable to surrender it. 34 Am. Jur., 616, et seq. If, however, a negotiable certificate of deposit is payable to order and has never been endorsed, it is enforceable without surrender or indemnity. **Citizens National Bank v Brown, 45 Oh St, 39.** In this case, the Court so held in face of an express provision in the instrument that the maker would pay "on return of this certificate."

(2) The record contains testimony of witnesses to an affray between the insured and the beneficiary in which each struck the other. It also contains the hospital records showing that the insured was taken to the hospital immediately thereafter, where, upon examination, it was found that she was suffering from severe wounds, and that her death resulted from these wounds. It is a fair inference that the beneficiary inflicted these wounds with some kind of a pointed instrument.

While the evidence tends to show that the insured struck the first blow, the nature of the wounds inflicted upon her strongly tends to show that the beneficiary used excessive force with the intent to kill or to inflict great bodily harm. The trial court found for the plaintiff, and we are of the opinion that this evidence in itself was sufficient to justify the court in holding that the killing was intentional and felonious. If so, it barred the beneficiary from recovery and established a right to recover in the estate of the insured. **Fillmore v Metropolitan Life Ins. Co., 82 Oh St, 208;** 29 Am. Jur., 979.

(3) Over the objection of the defendant, the Court admitted in evidence the record of the case of State of Ohio v Luther Willis, Jr., in which Willis was indicted for unlawfully, purposely, and maliciously killing Lucille Spencer, which showed that Willis pleaded guilty to manslaughter and was sentenced to the Ohio Reformatory. It is now urged that the admission of this record was error.

In view of the other evidence in this case, we are not convinced that the admission of this record, even though erroneous, would be so prejudicial as to require a reversal of the judgment. However, we do not find that the Court erred in this respect. In 29 Am. Jur., 1112, it is said: "Where the issue is whether the beneficiary murdered the insured, the record of his conviction therefor is admissible in evidence in a suit on the policy, and is clothed with a prima facie presumption of verity."

While it is true that a conviction in a criminal prosecution is not competent in a subsequent civil action, because of a lack of identity of parties, etc., on the issue in this case of whether the beneficiary intentionally and feloniously killed the insured, the third party, that is, the defendant herein has no interest other than to be protected against double liability. It is liable to the beneficiary or the insured's estate, and if as between the insured's estate and the beneficiary, the latter is concluded, the insurer is fully protected, and any evidence that would be competent in an action between the insured's estate and the beneficiary on the issue of which is entitled to the proceeds of the policy should be and is admissible in this action against the insured.

The plea of guilty of manslaughter is not inconsistent with the other evidence that the killing was intentional and felonious. Manslaughter is a felony and may involve an intentional killing.

(4) The Court admitted in evidence the coroner's inquest. This is assigned as error. It is said that as the death of the insured was admitted, the only purpose in offering the coroner's record was to show the cause of death, and that it was inadmissible for that purpose.

By §2855-10 GC, the coroner is expressly required to record the cause of death, and by §2855-11 GC, courts are required to admit such records in evidence in both civil and criminal cases.

It is true that in State, ex rel. v Gerber, 79 Oh Ap, 1, the court held unconstitutional that part of §2855-16 GC, which provided that the coroner's verdict should be "the legally accepted manner and mode in which the death occurred and the legally accepted cause of death." The court construed this language to be an attempt to make the coroner's verdict binding and conclusive, and very properly held that this was beyond the power of the legislature, and, for that reason, among others, held the section to be unconstitutional in part. The case did not involve §2855-11 GC, and the court did not assume to question its constitutionality. The fact that part of one

section is unconstitutional does not require that the entire enactment shall be so declared., **37 O. Jur., 392.** Furthermore, if the entire act were unconstitutional, then the repealing section would be inoperative, thereby leaving the former statute in full force and effect. However, we are of the opinion that those portions of the statute that are pertinent here are valid enactments.

We find no error in the admission of this record.

Other errors are assigned. We have considered them and find none of them well-founded or prejudicial.

For these reasons, the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.