TRAVELERS INS. CO. *v.* GRAY ET AL.

[Cite as Travelers Ins. Co. v. Gray
(1973), 37 Ohio Misc. 27.]

(No. A-733099—Decided October 19, 1973.)

Court of Common Pleas, Hamilton County.

*Mr. Edward K. Halaby,* for plaintiff.
*Messrs. Wolfson & Sullivan,* for defendant Gray.
*Mr. Harry Rockwern,* for defendants Glenn-Hall and
Jordan Funeral Service.

NURRE, J. This case comes before the court on the complaint for a declaratory judgment by the Travelers Insurance Company, praying that it be relieved from paying the proceeds of a disputed insurance policy to the defendant Ann Gray and her assignees Glenn-Hall and Jordan Funeral Service and National Homes Acceptance Corporation.

Stipulated facts indicate as follows: that on December 23, 1969, defendant Ann Gray purchased from Travelers Insurance Company a 30-year diminishing term insurance policy on the life of her husband; that on February 13, 1972, Robert D. Gray, the insured, was found dead of internal hemorrhage due to multiple gunshot wounds of the head and chest as a consequence of homicide; that on Feb-

28

ruary 12, 1973, Ann Gray, who had been indicted for murder in the first degree, withdrew her plea of not guilty and entered a plea of guilty to manslaughter in the first degree, under R. C. 2901.06, and, subsequently, Ann Gray was sentenced to prison on that charge; that the only assignment known to the parties herein is an assignment to the Glenn-Hall and Jordan Funeral Home, which is established in the pleadings.

R. C. 2105.19 is titled "Murderer Not To Benefit." This section is not intended to abrogate or limit the common law rule, but to establish by fact of conviction for murder the legal status of a person so convicted with respect to receiving any benefit from the death of a person unlawfully killed. *Cook* v. *Western & Southern Life Ins. Co.*, 30 Ohio N. P. (N. S.) 247.

The defendant is not precluded from recovery via this section since it does not affect insurance contracts but applies only to the distribution of a decedent's estate.

It seems to be a well established principle of common law that the permitting of a beneficiary who intentionally and feloniously takes an insured's life to recover on the proceeds of a life insurance policy is contrary to public policy. *The National Benefit Life Insurance Co. v. Davis*, 38 Ohio App. 454. The thread of unity which seems to combine all of these types of cases is that such a killing must be felonious and intentional. It is, for instance, stated in 44 American Jurisprudence 2d 654, *Insurance*, Section 1742:

"A provision in an insurance contract relieving the insurer from liability if the insured dies by the hand of a beneficiary *except by accident* prevents recovery if the insured is feloniously slain by the beneficiary. The same rule has been applied although the beneficiary at the time of killing the insured was irresponsible by reason of insanity." (Emphasis added.) *Grand Circle, Women of Woodcraft,* v. *Rausch,* 24 Colo. App. 304.

Under these citations and cases similar thereto, it likewise seems clear that when intent is lacking, either by virtue of the fact that there is an accidental killing or other reason, e. g., insanity, the beneficiary is not precluded from

recovery due to his or her otherwise felonious or criminal act.

Nowhere in the stipulation of facts or supplemental stipulation of facts does the court find evidence to indicate that the act or acts causing the death of Robert D. Gray were willful or intentional. Certainly, the plea of guilty by Ann Gray to the charge of manslaughter in the first degree sufficiently establishes the felonious nature of the killing. R. C.. 2901.06, entitled "Manslaughter In The First Degree," states:

"No person shall unlawfully kill another. Whoever violates this section, except in the manner described in Sections 2901.01 to 2901.05, inclusive, of the Revised Code, is guilty of manslaughter in the first degree and shall be imprisoned not less than one nor more than twenty years."

An intent to kill is not an essential element of manslaughter either in Ohio or at common law. *Montgomery* v. *Ohio,* 11 Ohio 424; *Sutcliffe* v. *the State,* 18 Ohio 469; *Cline* v. *The State,* 43 Ohio St. 332. This being the prevailing condition of the law at this time, the plaintiff must come forth with such proof as would preponderate, in determining that the defendant Ann Gray intentionally or willfully killed Robert D. Gray. It is the opinion of this court that the plaintiff has failed in this burden, and therefore the court denies plaintiff an order cancelling the disputed insurance policy.