345 So.2d 1245 (1977)
PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY
v.
Sarah A. CARTER et al.
No. 11261.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Charles M. Hughes, of Talley, Anthony, Hughes & Knight, Bogalusa, for plaintiff.
Donald M. Fendlason, Bogalusa, for Sarah A. Carter.
H. Gregory Briese, of Seal, Lee, Branch & Brown, Bogalusa, for Gary Lovett Williams, et al., minors.
Robert A. Keily, New Orleans, for Landy Carter, Beulah Carter Martin, et al.
A. Clayton James, Jr., of James, Knight & Brumfield, Franklinton, for George Edward Martin, minor.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a concursus proceeding instituted by Provident Life & Accident Insurance Company because more than one claim was presented for the insurance proceeds of the life insurance policy that had been issued on the life of Buddy Lee Carter with Sarah A. *1246 Carter, his wife, named the beneficiary. The Trial Court rendered judgment awarding the insurance proceeds to Sarah A. Carter and from this judgment, Landy C. Carter, Sr., his wife and children, being the parents and brothers and sisters of the deceased, Buddy Lee Carter, filed this suspensive appeal.
Sarah A. Carter, on May 25, 1974, shot and killed her husband, Buddy Lee Carter. It is appellants' position that she feloniously shot and killed him and thereby should not receive the insurance proceeds. It is Sarah A. Carter's position that she killed her husband in lawful self-defense of herself and is entitled to the insurance money.
The case of American National Life Insurance Company v. Shaddinger, 205 La. 11, 16 So.2d 889 (1944) states that if a beneficiary of a life insurance policy intentionally takes the life of the insured feloniously then the beneficiary is not entitled to recover the insurance proceeds. Conversely, if the killing by the beneficiary of the person insured is in lawful self-defense, the beneficiary can claim the proceeds of the insurance.
In oral reasons for judgment, the Trial Judge after reviewing the stormy marital life of Landy C. Carter, Jr. and Sarah A. Carter stated as follows:
"I think on the occasion in question, however, that the wife was under severe provocation. She was under threat of severe bodily harm and the shooting was the culmination of an evening and night of serious trouble between her and her husband. . . . I think the evidence justifies a conclusion by the Court that the killing was not feloniously inflicted."
The Trial Judge had the benefit of seeing and hearing the witnesses testify. The decision reached by the Trial Court is based upon a finding of fact which must not be disturbed absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Spreen v. Gibbs, 305 So.2d 494 (La.1974).
On the night in question, the deceased had been out drinking, and at approximately 1:30 or 2:00 o'clock in the morning he telephoned his wife to pick him up in the automobile. Because of his cursing, she hung up on him; however, she did go to pick him up. When he got in the car, he argued with her and struck her in the face causing blood to flow down into her eyes so that she was unable to drive. She then crossed over to the passenger side, and he drove the automobile home. They continued to argue and prior to entering their house, he threw a bag with a six-pack of beer in it at her, and started toward her. She reached into her purse, removed the pistol, and fired at him.
There is sufficient basis for the finding of fact by the Trial Court, and we find no error.
For the above and foregoing reasons, the judgment of the Trial Court will be affirmed at appellants' costs.
AFFIRMED.