Wilbur E. TOLLIVER, et al., Plaintiffs,

v.

Christopher LEACH, et al., Defendants.

No. G85–1152 CA1.

United States District Court,
W.D. Michigan, S.D.

May 22, 1989.

Price, Heneveld, Huizenga & Cooper by James A. Mitchell, Terence J. Linn, Grand Rapids, Mich., for plaintiffs.

Abood, Abood & Rheaume, P.C. by Michael J. Otis, Lansing, Mich., John A. Waters, Waters Morse & Harrington, Grand Rapids, Mich., for defendants.

## OPINION

HILLMAN, Chief Judge.

This is an action for patent infringement, with pendent state-law claims. One of the defendants, Christopher B. Leach, died on May 15, 1988, during the pendency of the case. Three days later, on May 18, 1988, counsel for the parties appeared before the U.S. Magistrate for a hearing on discovery motions. At that hearing, defense counsel stated on the record that Mr. Leach had died. It is undisputed, however, that no party has ever filed a written suggestion of death under Rule 25(a) of the Federal Rules of Civil Procedure. Defendants now move for dismissal of the case against Christopher Leach on the ground that plaintiffs failed to move for substitution of a proper party within 90 days of learning of Mr. Leach's death. The court concludes that defendants' motion is meritless.

■ Defendants' motion is governed by Rule 25, which provides in pertinent part:

**(a) Death.**

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25(a)(1). It is clear from the face of the rule that plaintiffs' 90-day time limit for moving for substitution has never commenced. The 90-day period begins to run only when a formal, written "statement of the fact of death" has been filed and properly served under Rule 5. The authorities are unanimous on this point. *See, e.g., Anderson v. Aurotek,* 774 F.2d 927, 931 (9th Cir.1985) (per curiam); *United States v. Miller Bros. Const. Co.,* 505 F.2d 1031, 1034-35 (10th Cir.1974); *Mobil Oil Corp. v. Lefkowitz,* 454 F.Supp. 59, 70 (S.D.N.Y.1977); 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1955 at 544 (1986) ("[T]he time does not run until the death is suggested on the record by service of a statement of the fact of death.").

The oral notice of Mr. Leach's death made at the May 18 hearing was not an effective suggestion of death. In order to trigger the 90-day time limit, the suggestion must be in writing. 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1955 at 544 (1986). Oral notice, even on the record in court or in a deposition, is insufficient. *Dolgow v. Anderson,* 45 F.R.D. 470, 471 (E.D.N.Y.1968). Likewise insufficient are letters from an attorney that are not served as required by Rule 5 or do not disclose the identity of the proper substitute party. *Gronowicz v. Leonard,* 109 F.R.D. 624, 627 (S.D.N.Y. 1986). Actual knowledge of Mr. Leach's death by plaintiffs' attorney is immaterial. *See Henkel v. Stratton,* 612 F.Supp. 190, 191 n. 1 (N.D.Ohio 1985).

Defendants have no arguable legal basis for the position taken in their motion. They cite no authority supporting the proposition that the 90-day period commenced at the time of oral notice in May of 1988. Even a cursory review of any standard

treatise on federal practice would have revealed to defendants that they have no conceivable basis for a claim of dismissal under Rule 25(a). *See, e.g.* 3B Moore's Federal Practice ¶ 25.06[3] at 25–67 (1987). Defendants' motion for dismissal will be denied.

■ Plaintiffs have moved pursuant to Rule 25(a)(1) for an order substituting Mr. Leach's successors or representatives as parties defendant. Substitution of parties is proper in the circumstances of this case. However, before an order of substitution can be entered, someone must identify the proper person to be named as substituted defendant. *See Gronowicz v. Leonard,* 109 F.R.D. at 627. Until such time as the proper party has been identified, the court has no way of determining who should be made a party defendant in Mr. Leach's stead.

The 90–day deadline for substituting parties has not yet commenced, as a formal suggestion of death, identifying the representative or successor who may be substituted, has yet to be filed. *See McSurely v. McClellan,* 753 F.2d 88, 98 (D.C.Cir.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). When one of the parties identifies the appropriate substitute for Mr. Leach, an order of substitution will be entered.

### ORDER

In accordance with the opinion filed this date:

IT IS ORDERED that defendants' motion for dismissal of Christopher Leach be and hereby is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for substitution of a representative for Christopher Leach is held in abeyance, pending identification of the proper representative.