### In re ESTATE OF COTTON.

[Cite as *In re Estate of Cotton* (1995), 104 Ohio App.3d 368.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APF07–1109.

Decided June 6, 1995.

*Craig E. Evans,* for appellee.

*Stephen E. Maher,* for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Michael S. Morris, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, finding that defendant intentionally and feloniously caused the death of Joyce Ann Cotton Morris and is barred from benefitting from her death in any manner. Defendant's single assignment of error states:

"The court erred in applying common law to disqualify appellant from inheritance as surviving spouse, where O.R.C. 2105.19 (the civil disqualification statute) is the exclusive method by which to determine the beneficiary status of the appellant, who has been identified, adjudicated, and convicted of involuntary manslaughter, a non-purposeful homicide exempted from disqualification as beneficiary by the terms of O.R.C. 2105.19."

The facts of this case are undisputed. On April 6, 1992, defendant entered a guilty plea to the stipulated lesser-included offense of involuntary manslaughter, with a firearm specification, in violation of R.C. 2903.04, an aggravated felony of the first degree. The trial court found defendant guilty on the charge and sentenced him. The victim of the offense, Joyce Ann Cotton Morris, defendant's wife, left a last will and testament, which was admitted to probate on May 30, 1991.

Given the foregoing, plaintiff, Darryl D. Cotton, Administrator WWA of the Estate of Joyce Ann Cotton Morris, filed an action in the probate division of the Franklin County Court of Common Pleas, seeking direction regarding the rights of Michael Morris as surviving spouse to inherit from the decedent.

Following a pretrial, the parties submitted briefs addressing whether defendant could lose his right of inheritance through application of the common law, given that his conviction for involuntary manslaughter involves an offense not specified in R.C. 2105.19, which provides:

"[N]o person who is convicted of, pleads guilty to, or is found not guilty by reason of insanity of a violation of or complicity in the violation of section 2903.01, 2903.02, or 2903.03 of the Revised Code * * * shall in any way benefit by the death. All property of the decedent, and all money, insurance proceeds, or other property or benefits payable or distributable in respect of the decedent's death, shall pass or be paid or distributed as if the person who caused the death of decedent had predeceased the decedent."

On the recommendation of the referee who initially considered the issue, the trial court concluded that R.C. 2105.19 does not provide the exclusive method for disqualifying defendant from exercising spousal rights or receiving estate assets. Relying on the Supreme Court's opinion in *Shrader v. Equitable Life Assur. Soc.* (1985), 20 Ohio St.3d 41, 20 OBR 343, 485 N.E.2d 1031, the court found that the beneficiaries of the estate could proceed under the common law in an attempt to prove that defendant had committed an offense which would prohibit him from benefitting from the estate of the decedent.

The parties subsequently submitted stipulated facts relevant to the ultimate issue, on which the trial court concluded that defendant intentionally and feloniously caused the death of the decedent and "therefore, by common law, is barred from benefitting from the death" in any manner. Contending that R.C. 2105.19 provides the exclusive means for prohibiting him from receiving under the decedent's will, defendant urges in his single assignment of error that the trial court erred in applying the common law to determine that he may not benefit from his actions in causing the death of decedent.

The Supreme Court in *Shrader* addressed similar circumstances. In that case, John Shrader had not been convicted of any criminal offense, including

those set forth in R.C. 2105.19, and thus the Supreme Court found that the statute was inapplicable. As defendant urges here, Shrader argued that R.C. 2105.19 provided the exclusive means for disqualifying him from any benefits resulting from his wife's death. In rejecting his contention, the Supreme Court stated:

" * * * A familiar principle of statutory construction, however, is that a statute should not be construed to impair pre-existing law in the absence of an explicit legislative statement to the contrary. *Isbrandtsen Co. v. Johnson* (1952), 343 U.S. 779, 783 [72 S.Ct. 1011, 1014, 96 L.Ed. 1294, 1299]; *Frantz v. Maher* (1957), 106 Ohio App. 465, 471–472 [7 O.O.2d 209, 212–213, 155 N.E.2d 471, 475–476]. All that R.C. 2105.19(A) does or purports to do is to eliminate the necessity to prove that the beneficiary of a policy of life insurance committed such an act, when the beneficiary has been convicted of or has pled guilty to one of the specifically enumerated homicide offenses. There is no indication that the General Assembly or any case law intended or requires that the statute be construed to be the *exclusive* method to determine whether a person should be barred from recovering as a beneficiary under a policy of insurance on the life of a decedent alleged to have been killed by the beneficiary. Thus we find Shrader's argument regarding the statute unpersuasive." *Id.*, 20 Ohio St.3d at 44, 20 OBR at 345–346, 485 N.E.2d at 1034.

Further, noting the "well-established policy of the common law that no one should be allowed to profit from his own wrongful conduct," *id.* at 44, 20 OBR at 346, 485 N.E.2d at 1034, the court found that Shrader would not be permitted to benefit if the decedent's death was caused by Shrader's intentional and felonious act. See, also, Uniform Probate Code 2–803(a) (prohibiting an heir from receiving property under a will if he "feloniously and intentionally kills the decedent"). Finally, determining that the matter properly is determined in civil proceedings, the court held that "the identity of a person who intentionally and feloniously caused the death of another can be established in a civil proceeding in order to prevent the wrongdoer from receiving the proceeds of the deceased's life insurance policy. To hold otherwise would be to deprive aggrieved parties of a remedy and the law will always give a remedy." *Id.*, 20 Ohio St.3d at 48, 20 OBR at 349, 485 N.E.2d at 1037.

Defendant attempts to distinguish *Shrader* by noting that in *Shrader* the identity of the wrongdoer was unknown, whereas in the present case the wrongdoer has been identified by his guilty plea to involuntary manslaughter in the common pleas court. Defendant's argument is unpersuasive. In *Huff v. Union Fid. Life Ins. Co.* (1984), 14 Ohio App.3d 135, 14 OBR 151, 470 N.E.2d 236, the identity of the wrongdoer was known, but the court nonetheless found that the identity of the one who killed the decedent could be established in a civil suit;

that an intentional and felonious killing could cause a forfeiture of rights under the common law, despite the inapplicability of R.C. 2105.19(A). As the court explained in *Huff,* "R.C. 2105.19(A) simply eliminates the need to prove that the beneficiary committed such an act when the beneficiary has been convicted of a designated homicide offense. When the disqualification statute does not apply, a person challenging the beneficiary's claim has the burden of proving the intentional and malicious killing." *Id.* at 137, 14 OBR at 153, 470 N.E.2d at 239.

Given the foregoing, the trial court properly determined that R.C. 2105.19(A) is not the exclusive means for disqualifying defendant as a beneficiary under decedent's last will and testament. Although defendant was not convicted of any of the offenses specified in R.C. 2105.19(A), and thus is not barred by the terms of that statute from benefitting from his wife's death, plaintiff may assume the burden under common law to prove that defendant intentionally and feloniously killed decedent, and thus is barred under common-law principles from receiving under her last will and testament.

Defendant does not challenge the trial court's conclusion that he intentionally and feloniously killed the decedent. Rather, his sole contention is the exclusivity of R.C. 2105.19 as a vehicle to prohibit his receiving under the decedent's last will and testament. Having rejected his contentions, we overrule his single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

DESHLER and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.