Kenneth G. DIETRICH, et al., Plaintiffs,

v.

Richard W. BURROWS,
et al., Defendants.

No. 3:93 CV 7505.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 8, 1995.

Edward G. Kramer, Kramer & Nierman, Cleveland, OH, for Kenneth G. Dietrich, Brian T. Dietrich and Firelands Investigative Agency, Inc.

Nick Tomino, Reminger & Reminger, Cleveland, OH, for Richard W. Burrows, Marie Hildebrandt, William Dwelle, Donald Senne, Lloyd Barcus, James Lang, James A. Jenkins and James Scheid.

Dennis J. Niermann, Edward G. Kramer, Kramer & Nierman, Cleveland, OH, for Brian T. Dietrich.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on a motion by Plaintiff Brian T. Dietrich to substitute himself, as Administrator of the Estate of Kenneth Dietrich, for the late Kenneth G. Dietrich, as plaintiff. Defendants have filed an opposition to this motion and have moved to dismiss Kenneth G. Dietrich as a party. For the following reasons, the Court will grant Plaintiff's motion. Defendants' motion will be denied as moot, since granting Plaintiff's motion removes Kenneth Dietrich as a party.

## BACKGROUND

Plaintiffs Kenneth G. Dietrich, Brian T. Dietrich, and Firelands Investigative Agency, Inc. brought this suit against several agents of Perkins Township, claiming, *inter alia,* violations of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. On March 31, 1995, Plaintiff Kenneth Dietrich died.

A Suggestion of Death was filed by Defendants on May 23, 1995. Defendants properly served notice of the Suggestion of Death on parties Brian Dietrich and Firelands Investigative Agency. They did not serve the administrator of the estate, Priscilla E. Dietrich. Priscilla E. Dietrich died on June 21, 1995. Plaintiff Brian Dietrich was made administrator of Kenneth Dietrich's estate on August 30, 1995.

In a motion dated August 30, 1995 and filed September 5, 1995, Plaintiff Brian Dietrich filed the motion for substitution that is now at issue. Defendants oppose this substitution on the grounds that the motion was filed more than 90 days after Defendants filed their Suggestion of Death. Plaintiff responds that service was never made on the administrator of Kenneth Dietrich's estate, so the 90–day period never began to run.

## DISCUSSION

Under Fed.R.Civ.P. 25(a), a motion for substitution after the death of a party must be filed within 90 days of the date the Suggestion of Death is filed and served on the successors or representatives of the deceased

party. The parties have identified the issue before the Court as being whether the Court should hold a motion for substitution to be untimely filed where the motion is filed more than 90 days after the personal representative of the deceased received service of the Suggestion of Death, but was unable to comply with the time limit because he did not become the deceased's personal representative until after the 90–day period had elapsed.

 Before the Court addresses the issue of sufficiency of process, however, the Court must determine whether the Suggestion of Death filed by Defendants was sufficient. The law is well settled that the Suggestion of Death must identify the successor or representative of the deceased. *McSurely v. McClellan,* 753 F.2d 88, 98 (D.C.Cir.1985); *Smith v. Planas,* 151 F.R.D. 547 (S.D.N.Y. 1993). The Suggestion of Death filed in this case does not do so.

Since the Suggestion of Death is itself infirm, the Court need not address the sufficiency of process. The 90–day period never began to run because no sufficient Suggestion of Death was filed with the Court.[1] Brian Dietrich's motion to substitute himself as plaintiff was, therefore, timely filed.

 Even if the Suggestion of Death were sufficient on its face, the Court would find Plaintiff's motion to have been timely filed. The 90–day time limit is subject to enlargement pursuant to Rule 6(b) if good cause can be shown as to why a timely motion is not possible. *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293 (7th Cir.1993); *Rende v. Kay,* 415 F.2d 983 (D.C.Cir.1969); *Staggers v. Otto Gerdau Co.,* 359 F.2d 292 (2d Cir.1966). In this case, Brian Dietrich was unable to move to substitute himself as plaintiff until August 30, 1995, when he became Kenneth Dietrich's personal representative. He moved for substitution immediately on becoming Kenneth Dietrich's personal representative. He was diligent in protecting his interests. The Court finds that Plaintiff has shown good cause for his failure timely to file.

Further, the Court finds it appropriate to allow Brian Dietrich to substitute himself as Kenneth Dietrich's personal representative in this case.

### CONCLUSION

Plaintiff Brian Dietrich's motion to substitute himself as Kenneth Dietrich's personal representative is, therefore, granted.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

For the reasons stated in the Memorandum Opinion filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiff's motion for substitution (Doc. No. 50) is granted. Defendants' motion to dismiss Kenneth G. Dietrich as a party (Doc. No. 51) is denied.

---

1. The parties do not dispute that Brian and Priscilla Dietrich's actual knowledge of Kenneth Dietrich's death is irrelevant to this issue. Actual knowledge of the party's death is not sufficient to trigger the running of the 90 days. *Henkel v. Stratton,* 612 F.Supp. 190 (N.D.Ohio 1985).